IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) U.S.C.A. No. 22-50314, 22-50316 |
| | ) U.S.D.C. No. 22-CR-1581-GPC-2 |
| | )             21-CR-3101-JLS-1 |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) |
| | ) **MOTION TO DISMISS** |
| JESUS PEREZ-GARCIA, | ) **APPEALS AS MOOT** |
| | ) |
| Defendant-Appellant, | ) |
| | ) |
| v. | ) |
| | ) |
| JOHN FENCL, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

## I.  Introduction

Appellants John Fencl and Jesus Perez-Garcia respectfully move to dismiss their appeals under Federal Rule of Appellate Procedure 9 because both appeals are moot. Over the last several months, Mr. Perez-Garcia failed to appear for a scheduled hearing, and his bond was revoked. Last week, Mr. Fencl was convicted at trial. Thus, neither Mr. Fencl nor Mr. Perez-Garcia are on pretrial release, and their challenges to their pretrial release conditions are moot.

1

## II. Facts & Procedural History

In December 2022, Mr. Perez-Garcia (9th Cir. Case Number ("9th No.") 22-50314) and Mr. Fencl (9th No. 22-50316) appealed their pretrial release conditions under Federal Rule of Criminal Procedure 9. The parties fully briefed and argued the case in the following months. On January 21, 2023, this Court filed an order stating, "We affirm the district court's orders. An opinion explaining this disposition will follow." 9th No. 22-50314, Docket Number ("Doc.") 21; 9th No. 22-50316, Doc. 24. To date, no opinion has issued.

On February 21, 2023, Mr. Perez-Garcia failed to appear for a district court hearing. District Court Case Number ("Dist. No.") 22-CR-1581-GPC-2, Doc. 94. He failed to appear again on March 6, 2023. Dist. No. 22-CR-1581-GPC-2, Doc. 96. As a result, the district court issued an arrest warrant, and the "Government's oral motion to revoke bond [wa]s granted." Dist. No. 22-CR-1581-GPC-2, Docs. 94, 96. The bond was forfeited in May. Dist. No. 22-CR-1581-GPC-2, Doc. 107.

Meanwhile, in October, Mr. Fencl's case went to trial. Mr. Fencl was convicted on October 27. Dist. No. 21-CR-3101-JLS-1, No. 145.

Undersigned counsel contacted Assistant United States Attorney Zachary Howe to ask for the government's position on whether the case should be dismissed as moot. He responded that the government opposes dismissal "before the opinion in support of the order is issued."

2

### III. Argument

"[F]ederal courts have no jurisdiction to hear a case that is moot, that is, where no actual or live controversy exists." *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003) (simplified). "[A] 'live' controversy" can "cease[] to exist because of changed circumstances." *Logan v. U.S. Bank Nat. Ass'n*, 722 F.3d 1163, 1166 (9th Cir. 2013). This occurs when new developments "fundamentally alter[] the character of [a] dispute," *Brach v. Newsom*, 38 F.4th 6, 12 & n.3 (9th Cir. 2022), such that "[a] determination by this Court of the legal issues tendered by the parties is no longer necessary[.]" *DeFunis v. Odegaard*, 416 U.S. 312, 317 (1974). The case must be dismissed if such developments arise at "any point during the proceedings," including on appeal. *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1537 (2018). Here, changed circumstances have mooted Mr. Fencl's and Mr. Perez-Garcia's appeals of their pretrial release conditions.

Mr. Fencl is no longer on pretrial release because he has gone to trial and been convicted. Thus, "the constitutionality of the pretrial firearms condition is now a moot issue." *United States v. Christner*, 66 F.3d 922, 930 (8th Cir. 1995). Courts have repeatedly recognized that conviction moots pretrial release challenges, *see, e.g.*, *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) ("Hunt's constitutional claim to pretrial bail became moot following his convictions in state court[.]"); *James v. Reese*, 546 F.2d 325, 328 (9th Cir. 1976) ("The contention that [a convicted]

3

petitioner did not receive bail refers to a prior detention and is presently moot."); *Medina v. People of State of Cal.*, 429 F.2d 1392, 1393 (9th Cir. 1970) (same, with respect to challenge to pretrial revocation), including challenges to pretrial release conditions, *Christner*, 66 F.3d at 930; *United States v. Spilotro*, 786 F.2d 808, 811 (8th Cir. 1986).

Furthermore, lifting Mr. Fencl's firearms condition would not make any difference, as Mr. Fencl's felony conviction itself bars him from possessing firearms. 18 U.S.C. § 922(g)(1). That felony conviction also "fundamentally alters the character of the dispute," *Brach v. Newsom*, 38 F.4th 6, 12 (9th Cir. 2022), as a completely different set of textual, historical, and precedential questions apply to persons convicted of felonies. *See, e.g.*, *United States v. Hill*, 629 F. Supp. 3d 1027, 1031 (S.D. Cal. 2022) (canvassing many of these issues).

Mr. Perez-Garcia's challenge to his pretrial release condition is also moot, as the "Government's oral motion to revoke bond [was] granted" for reasons unrelated to the firearms condition. Mr. Perez-Garcia is therefore no longer on pretrial release but is a fugitive. "Because [Mr. Perez-Garcia's] term of [pretrial release] was revoked, his appeal of the conditions of [pretrial release] is moot." *United States v. Wynn*, 553 F.3d 1114, 1119 (8th Cir. 2009); *see also United States v. Fowler*, 678 F. App'x 619, 620 (9th Cir. 2017) (citing *Wynn* for the proposition that "challenges to the conditions of . . . supervised release

may become moot" "if the district court revokes [the defendant's] supervised release").

The government opposes dismissal "before the opinion in support of the order is issued." But the government's desire for a favorable opinion cannot vest this Court with jurisdiction. "[F]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974). Thus, this Court has no discretion to take further action in this case, even if there is a "public interest in the continuing issues raised by [the] appeal." *Id.* (simplified).

## IV. Conclusion

For all these reasons, this Court should dismiss Mr. Fencl's and Mr. Perez-Garcia's appeals as moot.

Respectfully submitted,

DATED: October 31, 2023

 *s/ Katie Hurrelbrink*
Katie Hurrelbrink
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, CA 92101
(619) 544-2726/Fax: (619) 687-2666
Attorneys for Appellants