Nos. 22-50314, 22-50316

# United States Court of Appeals
FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
PLAINTIFF-APPELLEE

*v.*

JESUS PEREZ-GARCIA AND JOHN FENCL,
DEFENDANTS-APPELLANTS

*On Appeal from the United States District Court
for the Southern District of California
22CR1581-GPC; 21CR3101-JLS*

**RESPONSE IN OPPOSITION TO MOTION TO DISMISS**

This Court affirmed the bond conditions in these cases and said an opinion would follow. The appellants now seek to avoid that opinion by dismissing the appeals as moot. But their appeals were not moot when this Court issued its initial order, which is what matters. The Court should thus reject the effort to thwart the issuance of a reasoned opinion.

"There is a significant difference between a request to dismiss a case or proceeding for mootness prior to the time an appellate court has rendered its decision on the merits and a request made after that time." *Armster v. U.S. Dist. Ct.*, 806 F.2d 1347, 1355 (9th Cir. 1986). A request made before a decision on the merits implicates

1

this Court's "constitutional authority" to decide the case, while a request made after a decision on the merits implicates only the Court's "discretionary power." *Id.*

Here, the Court has already decided the case by issuing an order affirming the bond conditions at issue. That is what matters, as the mootness doctrine bars courts from "*decid[ing]*" issues absent a live case or controversy, *id.* at 1354 (emphasis added), not explaining its decisions or taking ministerial actions necessary to effectuate its decisions. The Court is thus free to issue the mandate even if the issues in the case could currently be deemed moot. *See id.* at 1355 n.9. The Court is also free to issue an "opinion" that "merely explains the reasoning behind [its] order." *In re Grand Jury Investigation*, 399 F.3d 527, 529 n.1 (2d Cir. 2005); *see United States v. Payton*, 593 F.3d 881, 884 (9th Cir. 2010) (discussing and citing favorably *In re Grand Jury*); *Bastien v. Off. of Senator Ben Nighthorse Campbell*, 409 F.3d 1234, 1236 (10th Cir. 2005) (same); *cf. Dickens v. Ryan*, 744 F.3d 1147, 1147–48 (9th Cir. 2014) (en banc) (declining to dismiss case as moot when petitioner died four days after court issued opinion). Thus, this case's "posture . . . is significantly different from that of all the cases cited by [the appellants]" and the Court should decline to dismiss. *Armster*, 806 F.2d at 1355.

For several reasons, this Court should also decline to exercise its discretion to dismiss the case or vacate its prior order affirming the bond conditions. First, "a court's prior investment of time in preparing a decision is a relevant factor in deciding whether to dismiss." *In re Nexium Antitrust Litig.*, 778 F.3d 1, 2 (1st Cir. 2015) (collecting authorities). Here, the "case has been fully briefed and argued by both sides, and the court has expended considerable resources to come to a resolution. Denying the motion to dismiss ensures that 'the investment of public resources already devoted to this litigation will have some return.'" *Naruto v. Slater*, 2018 WL 3854051 at *1 (9th Cir. 2018) (unpublished) (quoting *Albers v. Eli Lilly & Co.*, 354 F.3d 644, 646 (7th Cir. 2004)).

Second, "judicial precedents 'are not merely the property of private litigants,' but are 'valuable to the legal community as a whole.'" *Dickens*, 744 F.3d at 1148 (quoting *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994)). That is especially true here since the appellants are challenging the common, statutorily authorized practice of imposing gun restrictions as a condition of pretrial release when doing so is the least restrictive way to safeguard the community. The Court has not yet answered that challenge directly. If it were to scrap the ten months of work it has spent drafting an opinion now, that work will undoubtedly have to be redone

in a later case, and uncertainty on the issue will remain in the meantime. Absent some strong "public or juridical interest" requiring dismissal, that result should give this Court "considerable pause." *Armster*, 806 F.2d at 1355.

Third, it is far from clear that this case would be moot even if this Court had *not* already issued a decision. Perez's bond has been forfeited after he failed to appear in court. But he has not yet been tried, and if he is detained, he can seek bond again. If the court grants the request, it will likely impose the same condition challenged here. And Fencl has been convicted, but remains on bond with the same condition challenged here. He notes that his conviction makes him ineligible to own guns even absent that condition. Of course, before his conviction he was unable to lawfully carry guns even apart from the condition since he lacked a license. *See* Gov't Resp. at 3 & n.1 (ECF No. 16). Still, both then and now, Fencl would be subject to one fewer basis for penalties arising from any gun possession he engaged in if this Court struck the gun condition. In other words, while he might violate another law or condition of release, he would not have violated a gun condition and thus could not be independently sanctioned under that condition. So it is not clear that his conviction has mooted this appeal.

4

Finally, a "good reason to exercise discretion against dismissal is to curtail strategic behavior." *Albers*, 354 F.3d at 644 (collecting cases). Here, dismissal would "encourage manipulation of the judicial system," *Armster*, 806 F.3d at 1356, by enabling "effort[s] to prevent the publication of a decision adverse to [the litigant's or their counsel's] institutional interests," *Naruto v. Slater*, 888 F.3d 418, 421 n.3 (9th Cir. 2018). Indeed, this is not just a case where a party "s[aw] the proverbial writing on the wall at oral argument" and sought dismissal to avoid a possible disfavored ruling (though even that might warrant denying dismissal). *Id.* It is a case where the ruling is on the books, and dismissal can serve only to thwart explanatory precedent that the appellants undoubtedly oppose.

If that approach is allowed, then the resolution of critical questions—like the one here—will be frustrated and a great deal of effort will be wasted in countless cases. Since bond conditions must be addressed quickly, this Court will doubtlessly opt to do what it did here when faced with detailed constitutional attacks on a bond condition: affirm or reverse in an order and note that the opinion will follow. But since trials are subject to time limits, such as those in the Speedy Trial Act, cases will often (as here) resolve before the Court issues its opinion. When that happens, the party who lost on appeal—be it the defendant or the government—will no doubt rush

5

to dismiss for mootness, forcing this Court to throw out all of its work on a reasoned decision. Under that regime, the Court must either hope for unusually long pretrial proceedings or else put out a hastily drafted opinion before trial. None of that would aid present parties to a case, future parties, or the judicial system. This Court should thus deny the motion to dismiss.

Respectfully submitted,

> TARA K. MCGRATH
>  *United States Attorney*
>
> DANIEL E. ZIPP
>  *Assistant U.S. Attorney*
>  *Chief, Appellate Section*
>  *Criminal Division*
>
> S/ZACHARY J. HOWE
>  *Assistant U.S. Attorney*
>
> *880 Front St., Rm. 6293*
> *San Diego, CA 92101*
> *(619) 546-8693*
>
> NOVEMBER 1, 2023.