IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) U.S.C.A. No. 22-50314, 22-50316 |
| | ) U.S.D.C. No. 22-CR-1581-GPC-2 |
| | )         21-CR-3101-JLS-1 |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) |
| | ) **UNOPPOSED MOTION** |
| JESUS PEREZ-GARCIA, | ) **FOR AN EXTENSION** |
| | ) **OF TIME TO FILE** |
| Defendant-Appellant, | ) **PETITION FOR** |
| | ) **REHEARING OR** |
| v. | ) **REHEARING EN BANC** |
| | ) |
| JOHN FENCL, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Under Federal Rules of Appellate Procedure 26 and 9th Circuit Rule 31-2.2(b), Jesus Perez Garcia and John Fencl, through undersigned counsel, moves this Court to grant a 60-day extension for the filing of Appellant's petition for rehearing or rehearing en banc, from April 1, 2024 to May 31, 2024, for the reasons set forth in the attached declaration of counsel.

Respectfully submitted,

DATED: March 25, 2024

*s/ Katie Hurrelbrink*
Katie Hurrelbrink
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, CA 92101
(619) 544-2726/Fax: (619) 687-2666
Attorneys for Appellants

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) U.S.C.A. No. 22-50314, 22-50316 |
| | ) U.S.D.C. No. 22-CR-1581-GPC-2 |
| | )            21-CR-3101-JLS-1 |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) **DECLARATION IN** |
| | ) **SUPPORT OF MOTION** |
| JESUS PEREZ-GARCIA, | ) **FOR AN EXTENSION** |
| | ) **OF TIME TO FILE** |
| Defendant-Appellant, | ) **PETITION FOR** |
| | ) **REHEARING OR** |
| v. | ) **REHEARING EN BANC** |
| | ) |
| JOHN FENCL, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

I, Katie Hurrelbrink, under penalty of perjury, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and the United States Court of Appeals for the Ninth Circuit.

2. I am an employee of Federal Defenders of San Diego, Inc., and in such capacity, I was assigned to represent Mr. Fencl and Mr. Perez-Garcia in bail litigation.

3. Neither Mr. Fencl nor Mr. Perez-Garcia are currently on pretrial release. Mr. Fencl has been sentenced. Mr. Perez-Garcia has absconded.

4. Mr. Perez-Garcia and Mr. Fencl's petition for rehearing or rehearing en banc is currently due on April 1, 2024.

5. Over the last week, I have completed drafts of both a reply brief and petition for rehearing or rehearing en banc in other cases before this court.

6. Over the next 60 days, I will finish editing and file the reply brief and petition for rehearing or rehearing en banc. I also have an opening brief due in this court on April 22 and an oral argument in this court on May 10. And I intend to move for bail pending appeal for Mr. Fencl's trial appeal. Depending on his self-surrender date, I may have to complete that motion in this 60-day period as well.

7. In addition to this court of appeals work, I am currently assigned to four habeas petitions in district court. One habeas petition arises under 28 U.S.C. § 2255. The district court appointed our office to assist with this petition because it raises complex questions about relation back and retroactivity, and because it requires investigation

into whether counsel was ineffective. I intend to file a compassionate release motion alongside the § 2255. I hope to have a draft of both documents by our next status hearing on April 19.

8. I am also our office's point person for immigration habeas petitions under *Zadvydas v. Davis*, 533 U.S. 678 (2001). Ordinarily, our office takes on perhaps one or two of these cases per year. But in the last few months, four *Zadvydas* petitioners have requested our services. These cases require significant investigation, coordination with contract interpreters, and communication with Immigration and Customs Enforcement ("ICE"), among other time-consuming tasks. I will be assigned to three of these cases and will be supervising the fourth case. These cases must be filed as soon as possible because these clients claim that they are being detained unlawfully, so any delay prejudices them.

9. Finally, I have longstanding plans to take leave in April and May. I will take a week in April and 11 days in May.

8. I contacted Assistant United States Attorney Zachary Howe to inform him that I would request a 60-day extension. Mr. Howe indicated that he did not oppose the requested extension.

9. I have exercised due diligence and will continue to do so in order to file the petition for rehearing or rehearing en banc within the time requested.

I so declare this twenty-fifth day of March, 2024, in San Diego, California.

                                          *s/ Katie Hurrelbrink*
                                          Katie Hurrelbrink
                                          Declarant